# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MICHIGAN REGIONAL COUNCIL
OF CARPENTERS EMPLOYEE
BENEFITS FUND, TRUSTEES OF, ET AL.,

      Plaintiffs,

v.

Case No. 09-11272
Hon. Lawrence P. Zatkoff

PCSI PROCESSING, INC., ET AL.,

      Defendants.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 19, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter comes before the Court on Plaintiffs' motion for partial summary judgment [dkt 19]. Defendants submitted a timely response to Plaintiffs' motion, but Plaintiffs did not reply. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Plaintiffs' motion is DENIED.

## II. BACKGROUND

This case involves Plaintiffs' claims against Defendants for violations of the Employee Retirement Income Security Act ("ERISA") and the Michigan Building Trust Fund Act for Defendants' alleged failure to comply with their legal and contractual obligations to pay delinquent

fringe benefit contributions.

Plaintiffs are eleven jointly-trusted funds established under ERISA and the Labor Management Relations Act and bring this action as third party beneficiaries of the collective bargaining agreement between the Michigan Regional Council of Carpenters, a labor organization, and Defendant PCSI Processing, Inc. ("PCSI"). Plaintiffs claim that PCSI breached its agreement to make timely employee fringe benefit contributions for each employee covered by the collective bargaining agreement. Plaintiffs also allege that PCSI's owners and officers, including Cheryl Haighley, Bruce Kadoura, and Dale Schmidt, are jointly and severally liable for Plaintiffs' damages because they breached their fiduciary duties under ERISA. Plaintiffs allege that PCSI's failure to make all required fringe benefit contributions due on behalf of each employee covered by the collective bargaining agreement from April 2005 through December 2007 resulted in damages to Plaintiffs in the amount of $15,117.77, as found due by a July 28, 2008, audit.

Plaintiffs contend that partial summary judgment is appropriate because the July 28, 2008, audit clearly demonstrates that PCSI failed to make the required fringe benefit contributions from April 2005 through December 2007. Defendants argue that summary judgment is inappropriate because (1) the conclusions reached in Plaintiffs' audit are inaccurate, (2) genuine issues of material fact exists as to the amount owed by PCSI, and (3) the Court may not consider Plaintiffs' audit in deciding the motion because it is unverified, unauthenticated, and constitutes inadmissible hearsay.

### III. LEGAL STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(c); *Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, and all inferences should be made in favor of the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

To support its motion, the moving party may show "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Although all inferences must be drawn in favor of the nonmoving party, this Court bears no obligation to imagine favorable facts where the nonmoving party has alleged none. The moving party must also set forth facts sufficient to establish its case: "[T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## IV. ANALYSIS

"[H]earsay evidence cannot be considered on a motion for summary judgment." *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994). Under Fed. R. Evid. 801(c), hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Here, Plaintiffs are offering the July 28, 2008, audit—an out of court statement—to prove the truth of the matter asserted, *i.e.*, that Plaintiffs are owed $15,117.77 in fringe benefit contributions for the period of April 2005 through December 2007. Thus, the Court finds that the audit constitutes hearsay, and that the Court may not consider it in deciding Plaintiffs' motion. Since Plaintiffs offer no other evidence in support of their motion, and Defendants vigorously dispute Plaintiffs' calculations, the Court finds that genuine issues of material fact exist as to the amount of fringe benefit contributions that are owed, if any, for the period of April 2005 through December 2007.

3

## V. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiffs' motion for partial summary judgment [dkt 19] is DENIED.

IT IS SO ORDERED.

                    S/Lawrence P. Zatkoff
                    LAWRENCE P. ZATKOFF
                    UNITED STATES DISTRICT JUDGE

Dated: May 19, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 19, 2010.

                    S/Marie E. Verlinde
                    Case Manager
                    (810) 984-3290